UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRETT MJ TALIF SOREZO,
aka MELVIN FRAZIER, JR.,

               Plaintiff,

                                        CASE NO. 2:22-CV-12494
v.                                 HONORABLE SEAN F. COX

THE WHITE HOUSE, et al.,

               Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.   Introduction

      Isabella County, Michigan jail inmate Garrett MJ Talif Sorezo ("Plaintiff"), also known as

Melvin Frazier, Jr., has filed a pro se complaint against the White House, President Joe Biden,

former Presidents George Bush, Jr. and Barack Obama, and Isabella County Sheriff Michael Main.[1]

In his complaint, Plaintiff alleges that he is "related to the founders of America" and that he has been

experiencing "tort issues" from the White House violating his civil rights and the Privacy Act. He

alleges that he is being subject to plagiarism, constant tracking by "spy technology," fraud or scam,

noise violations, and "mistreatment," and that Covid has effected his well-being and created

"mischief" against him while he is "stuck in confinement." He further states that "this could be

investigated [by] the sheriff of the jail Michael Main." ECF No. 1, PageID.3-4. Plaintiff seeks

$100,000 in monetary damages. *Id*. at PageID.6. The Court has granted Plaintiff leave to proceed

---

[1] Plaintiff does not identify a jurisdictional basis for his complaint. Given that he is proceeding pro se, however, the Court shall presume that he brings this action pursuant to 42 U.S.C. § 1983 (state defendant) and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants).

without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1).  ECF No. 5.  For the reasons set forth, the Court summarily dismisses the complaint.

## II.  <u>Discussion</u>

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).  "Nor does

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombl*y, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to summary dismissal.

First, Plaintiff's complaint against the White House must be dismissed because the White House is a building, not a "person" subject to suit. Section 1983 and *Bivens* authorize suits against a "person" acting under the color of state or federal law, respectively. Because the White House is a building, it is not a person who can act under state or federal law and it cannot be sued in federal court. *See Little Coyote v. Tinker*, No. CV 21-127-BLG-SPW, 2022 WL 278962, *4 (D. Mont. Jan. 31, 2022); *Martin v. NAPH Care*, 219CV02007JADBNW, 2021 WL 372792, *2 (D. Nev. Feb. 3, 2021) (collecting cases); *Lamb v. White House Staff*, No. C/A 8:09-1853-CMC-BH, 2009 WL 2526442, *2 (D.S.C. July 22, 2009) (White House Staff is not a "person" subject to suit under § 1983); *see also Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sep. 21, 2016) (state prison and its "medical staff" are not subject to suit under § 1983);

3

*Von Ehl v. Saginaw Co. Jail*, No. 18-cv-11453, 2018 WL 2984662, *2 (E.D. Mich. June 14, 2018) (dismissing civil rights claims against county jail); *Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983). Plaintiff's complaint against the White House must be dismissed.

Second, Plaintiff's complaint against current President Joe Biden must be dismissed on the basis of absolute immunity. The United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). The President of the United States is one such person entitled to absolute immunity from suit and claims for damages. *Id.*; *see also Hafer v. Melo*, 502 U.S. 21, 29 (1991); *Nixon v. Fitzgerald*, 457 U.S. 731, 756 (1982). Plaintiff's complaint against President Joe Biden must therefore be dismissed.

Third, Plaintiff's claims against former Presidents George Bush, Jr. and Barack Obama (and President Joe Biden were he not immune from suit) must be dismissed because he fails to allege their personal involvement in the events giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and *Bivens* and that liability cannot be based upon a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to allege any facts explaining what those defendants specifically did or did not do to violate his rights. Consequently, his complaint against former Presidents George Bush, Jr. and Barack Obama (and President Joe Biden) must be dismissed.

Fourth, Plaintiff's complaint, at least in part, lacks an arguable basis in fact.  A complaint lacks an arguable basis in fact when the factual contentions are "clearly baseless" in that they describe "fantastic" or "delusional" scenarios.  *Neitzke*, 490 U.S. at 327-28; *see also Denton*, 504 U.S. at 32-33 (a complaint is factually frivolous if "the facts alleged rise to the level of irrational or wholly incredible"); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Plaintiff's allegations of being subject to plagiarism, constant tracking by "spy technology," fraud or scam, and the like, fall into such a category.  *See, e.g., Taylor v. Rockford Police Dept.*, 165 F.3d 33, 1998 WL 783957, *1 (7th Cir. 1998) (unpublished) (affirming dismissal of complaint as frivolous where plaintiff alleged that police attempted to kill him, there was a multi-agency conspiracy to cover up the assaults, the attorney general's office faked a trial, and he was issued a fraudulent marriage license); *Kabbe v. City of San Diego*, 139 F.3d 905, 1998 WL 80375, *1 (9th Cir. 1998) (unpublished) (affirming dismissal of complaint where plaintiff alleged defendants intercepted and broadcasted her thoughts); *Williams v. Hart*, 930 F.2d 36, 1991 WL 47118, *2 (10th Cir. 1991) (unpublished) (prisoner's claim of intentional exposure to AIDS through razor switching was delusional and frivolous); *Sandles v. Randa*, 945 F. Supp. 169, 171 (E.D. Wis. 1996) (dismissing complaint as frivolous where plaintiff alleged defendants fabricated a federal statute in order to imprison him). Consequently, Plaintiff's baseless and delusional allegations must be dismissed.

Fifth, Plaintiff's complaint, in part, lacks an arguable basis in law.  Plaintiff alleges that his rights under the Privacy Act, 5 U.S.C. § 552a, were violated.  Under the Privacy Act, civil actions may only be brought against the offending government agency, and not against an individual, a government official, an employee, a city, or the United States. 5 U.S.C. § 552a(g).  *See e.g., Schmitt v. The City of Detroit*, 395 F.3d 327 (6th Cir. 2005); *Downie v. City of Middleburg Hgts.*, 301 F.3d 688, 698 (6th Cir. 2000).  Its civil remedies do not apply to individual government officials.

*Windsor v. The Tennessean*, 719 F.2d 155, 159-160 (6th Cir. 1983). Because Plaintiff only sues individuals, and not a government agency, under the Privacy Act, any such claims lack an arguable basis in law and must be dismissed.[2]

Sixth, to the extent that Plaintiff seems to contest his conditions of confinement in jail and names Sheriff Main as the defendant, his claims must be dismissed for failure to state a claim upon which relief may be granted. While Plaintiff asserts that he has been subject to noise violations and "mistreatment" and references Covid in his complaint, he fails to elaborate on those claims, provide any factual details, or explain what Sheriff Main specifically did or did not do to violate his constitutional rights. Rather, he merely asserts that Sheriff Main "could investigate." As discussed *supra*, a plaintiff must allege the personal involvement of a defendant to state a claim to state a claim under § 1983 and liability cannot be based upon a theory of respondeat superior or supervisory liability. Additionally, it is well-settled that conclusory allegations without material supporting facts are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Because Plaintiff fails to support his conditions of confinement claims with plausible factual details, he fails to state a claim upon which relief may be granted. Such claims and his complaint against Sheriff Main must therefore be dismissed.

## III.   Conclusion

For the reasons stated, the Court concludes that Plaintiff's complaint must be summarily dismissed as frivolous, for failure to state a claim upon which relief may be granted, and based upon immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** the complaint. The Court

---

[2]The Court notes that Plaintiff also fails to provide a sufficient factual basis for any claim under the Privacy Act.

further concludes that an appeal from this decision cannot be taken in good faith.  28 U.S.C.

§ 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  This case is closed.  No further

pleadings should be filed in this matter.

**IT IS SO ORDERED**.


s/Sean F. Cox
SEAN F. COX
UNITED STATES DISTRICT JUDGE

Dated:  December 1, 2022